IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY DRIVERS ASSOCIATION, et al.,<br>          Plaintiffs,<br>   v.<br>SURINDER KAUR, et al.,<br>          Defendants.<br>_____/ | No. C 03-1241 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND TO REMAND; AND REMANDING ACTION TO THE ALAMEDA COUNTY SUPERIOR COURT** |

On June 4, 2003 the Court heard argument on plaintiffs' motion to amend their complaint and to remand the case to state court or, in the alternative, to stay proceedings until the decision of the National Labor Relations Board becomes final. Having carefully considered the arguments of the parties and the papers submitted, the court GRANTS the plaintiffs' motion to amend complaint and REMANDS this action to the Alameda County Superior Court. Plaintiffs' motion to stay proceedings is DENIED as moot.

**BACKGROUND**

Plaintiffs, a group of taxicab drivers who are employed by defendant taxicab companies, filed a complaint in the Alameda County Superior Court against a group of seven defendants, alleging that defendants failed to pay plaintiffs minimum wages required by California and the "living wage" required by the City of Oakland. Plaintiffs' Second Amended Complaint, Exhibit A to Notice of Removal of Action and Certificate of Interested Entities or Persons (¶¶ 37-50), alleges a claim for antitrust violations based on state and federal antitrust statutes, state unfair competition claims, and various other state law claims. Plaintiffs seek to file an amendment to the complaint deleting the words "and federal laws" from Paragraph 10, thereby eliminating their federal antitrust cause of action, the only federal claim in the complaint. Plaintiffs further seek to remand their

1  action to the Alameda County Superior Court, where the action was originally brought.

2  Plaintiffs' Second Amended Complaint alleged that, if plaintiffs are found by the National Labor Relations Board to be independent contractors rather than employees of defendants, then defendants violated California's Cartwright Antitrust Act and the federal Sherman Antitrust Act. Defendants removed the action to this court on March 24, 2003. The case was initially assigned to Magistrate Judge James and was reassigned to this court on April 7, 2003. Now before the court is plaintiffs' motion to amend their complaint and to remand case to state court, or in the alternative, to stay proceedings until the decision of the National Labor Relations Board becomes final.

## LEGAL STANDARD

### A. Amending a complaint

Federal Rule of Civil Procedure 15, governing the amendment of complaints, states that if a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Delay alone is insufficient grounds for denying a motion to amend; there must be at least some significant showing of prejudice to the opponent. See Brennan v. Akray Industries, 164 F.R.D. 464, 466 (S.D. Ohio 1996). Accordingly, the court must be liberal in granting leave to amend a complaint. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality").

The court may deny amendment under Rule 15 "only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." See United Union of Roofers v. Insurance Co. of Am., 919 F.2d 1398, 1402 (9th Cir. 1990). The court may also use its discretion to impose sanctions upon a plaintiff who has amended his complaint in order to compensate the non-moving party for expenses incurred due to the original complaint being faulty. See General Signal Corp. v. MCI Telecommunications Corp., 66 F.3d 1500, 1513-1514 (9th Cir. 1995).

### B. Remanding an action to state court

The removal statute, 28 U.S.C. § 1441(a), provides in relevant part that "any civil action brought in a state court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing a place where such action is pending." 28 U.S.C. § 1441(a). Remand after an action has been removed from state court is only available for lack of subject matter jurisdiction or "for any defect in removal procedure." 28 U.S.C. § 1447(c). See Buckner v. FDIC, 981 F.2d 816, 820 (5th Cir. 1993). An action may be remanded for lack of subject matter jurisdiction at any time before a final judgment is reached; the 30-day time limit of 28 U.S.C. § 1447 is not applicable. See Horton v. Scripto-Tokai Corp., 878 F. Supp. 902, 904-905 (S.D. Miss. 1995).

A plaintiff is entitled to file state and federal claims in a state court and a defendant is entitled to remove the action to federal court. See Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490 (9th Cir. 1995). Furthermore, the plaintiff is entitled to settle or dismiss certain claims with leave of the court. Id. The district court "has discretion to grant or deny remand and [the 9th Circuit is] not convinced that such practices are anything to be discouraged." Id. Filing federal claims in a state court is "a legitimate tactical decision" which allows for the option of requesting a remand with all due speed should the defendants exercise their choice to remove. Id. at 491.

**DISCUSSION**

On May 1, 2003, approximately 5 weeks after removal, plaintiffs filed their motion to amend the complaint and remand to state court. Plaintiffs state that their reason for seeking the remand is that their counsel has had no recent federal court experience; although plaintiffs attempted to hire additional counsel with federal court experience, they were unsuccessful because of limited financial resources. Consequently, plaintiffs seek to amend their complaint to eliminate any federal causes of action and to have the case remanded to state court where plaintiffs' counsel can better represent them. Plaintiffs' Mot. at 2-3.

Defendants argue that plaintiffs' motion to amend the complaint and to remand to state court should be denied on the grounds that plaintiffs let the federal case progress "too far," causing prejudice to the defendants. Defendants contend that plaintiffs exceeded the normal 30-day time limit for a remand motion

3

under 28 U.S.C. § 1447 to get a "sneak peek" at which judge would be assigned before bringing their motion to amend the complaint. However, the 30-day time limit to remand an action under 28 U.S.C. § 1447 is not applicable in this case given that an action may be remanded for lack of subject matter jurisdiction at any time before a final judgment is reached. See Horton v. Scripto-Tokai Corp., 878 F. Supp. at 904-905. No showing of prejudice based on the five week delay has been made.

Defendants also contend that if the court grants plaintiffs' motion, the court should use its discretion under Federal Rule of Civil Procedure 15(d) to impose sanctions on plaintiffs to compensate defendants for expenses incurred as a result of a successful motion to amend their complaint. The court finds such sanctions to be unwarranted. The case on which defendants rely, General Signal Corp. v. MCI Telecommunications Corp., was substantially different because the sanctioned party there had taken action that went beyond what had been authorized by the court's prior order. Id. at 1514. The sanctions were a condition set by the court for allowing MCI's unauthorized amendment to the pleadings to stand. Id. In the present case, plaintiffs have taken no unauthorized action. Plaintiffs are merely seeking the permission of the court to amend their complaint to delete the words "and federal laws." As the court has given its permission and plaintiffs have taken no unauthorized action, imposing sanctions would be inappropriate in this action.

Furthermore, defendants' prayer for court enforcement of payment from plaintiffs for $554 in previously requested costs is DENIED as premature, since it was brought prior to entry of final judgment. Since the action is being remanded to state court, defendants should advance the question of costs in that forum.

As this court finds that defendants have not made a significant showing of prejudice, the court GRANTS plaintiffs motion to amend the complaint. Furthermore, as plaintiffs' amendment eliminates their federal cause of action, the court GRANTS plaintiffs' motion to remand this action to the Alameda County Superior Court.

///

**CONCLUSION**

For the foregoing reasons, the court GRANTS the plaintiffs' motion to amend complaint and motion

to remand; and REMANDS this action to the Alameda County Superior Court. Plaintiffs' motion to stay proceedings is DENIED as moot. [Docket # 13].

**IT IS SO ORDERED.**

Dated: June 9, 2003

  s/Susan Illston
SUSAN ILLSTON
United States District Judge